IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Tiffany Bailey,<br><br>    Plaintiff,<br><br>v.<br><br>Norfolk Dredging Company,<br><br>    Defendants. | CASE NO. 2:23-cv-1266-BHH<br><br><br>**COMPLAINT**<br>*Rule 9(h) Non-Jury Demand* |

### COMPLAINT FOR DAMAGES

**NOW COMES**, Plaintiff, Tiffany Bailey ("Plaintiff"), by and through her undersigned counsel, and files her Complaint for Damages and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages against Defendant arising out a November 13, 2021 allision between a passenger boat and Defendant's dredging pipeline located in the Charleston, South Carolina harbor. This allision resulted in serious and permanent injuries to Plaintiff.

2. This action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Plaintiff invokes the original admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

3. This case is governed by the General Maritime Law of the United States and laws supplemental thereto and amendatory thereof.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this District and within the jurisdiction of this Court.

1

## PARTIES

5. Plaintiff is a citizen and resident of Charleston County, South Carolina.

6. Upon information and belief, Defendant Norfolk Dredging Company ("Defendant") is a corporation organizing and existing under the laws of the State of Virginia, with its principal place of business in Virginia.

7. Defendant conducts maritime-related business in this State and District and is subject to the jurisdiction of this Court because it committed a tortious act or omission within the County of Charleston, in the State of South Carolina.

## FACTS

8. On November 13, 2021, at approximately 8:00 p.m., Plaintiff was a passenger in a 22-foot Sportsman recreational vessel (Hull ID # SMNSF123G920), which was returning to Dolphin Cove Marina located on the Ashley River from the waterways of Mt. Pleasant, South Carolina. The vessel was operated at the time by Gerald Phillips.

9. While traveling back to their destination, the vessel in which Plaintiff was a passenger struck an insufficiently marked and/or illuminated dredge pipe in the Charleston Harbor.

10. On information and belief the dredge pipe—and any attachments—were put in place by Defendant in connection with an ongoing dredging project.

11. The force of the allision threw Plaintiff violently forward within the vessel.

12. As a result, Plaintiff suffered serious and permanent bodily injuries in the allision.

### FOR A FIRST CAUSE OF ACTION
*(General Maritime Law Negligence)*

13. Plaintiff restates the above allegations as if set forth herein verbatim.

14. Upon information and belief, Defendant was engaged by the United States Army Corps of Engineers ("USACE") as the contractor implementing, executing, and possibly designing

2

all or part of the dredging plan contracted by USACE for the purpose of dredging the Charleston Harbor, including in the area of the subject incident.

15. Upon information and belief, Defendant was to follow all design plans as articulated by USACE, but also had a duty under general maritime law to use reasonable care under the circumstances, including for lighting and/or marking of dredge pipes and equipment, and Defendant provided and/or supervised all such operations either directly or through their employees, agents, or contractors.

16. Further, Defendant had a duty at all times to comply with the mandates of 33 C.F.R. § 88.15 regarding lighting on dredge pipes.

17. Upon information and belief, Defendant had possession and control of all dredge pipes and was charged with installing appropriate lighting indicating any hazards created by the dredge pipes during the project.

18. Upon information and belief, Defendant failed to use reasonable care, comply with USACE's plans, and/or comply with 33 C.F.R. § 88.15 to properly, adequately, and sufficiently illuminate the dredge pipe the area of the subject incident.

19. Upon information and belief, Defendant's failure to sufficiently illuminate its dredge pipe in the area of the subject incident resulted in the vessel in which Plaintiff was a passenger striking Defendant's partially submerged and inadequately lit dredge pipe.

20. At all times material hereto, Defendant was negligent and breached its aforementioned duties by failing to properly, adequately, and sufficiently illuminate the dredge pipe the area of the subject incident.

21. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury, resulting in significant pain and suffering, disability, disfigurement, mental anguish,

loss of capacity for the enjoyment of life, medical expenses, and more.

22. Plaintiff's injuries and losses are either permanent or continuing in nature and the Plaintiff will continue to suffer from them in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant and further requests this Court award her damages for her injuries that were caused by Defendant, the costs incurred by the Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and proper.

Respectfully submitted,

**YARBOROUGH APPLEGATE LLC**
291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 phone
(843) 277-6691 fax

s/ Liam D. Duffy
Liam D. Duffy
Douglas E. Jennings
liam@yarboroughapplegate.com
douglas@yarboroughapplegate.com

*Attorneys for Plaintiff Tiffany Bailey*

March 30, 2023
Charleston, South Carolina